UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMBER WRIGHT,

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security,

Defendant.

Case No. 2:25-cv-2090-JDP (SS)

ORDER

Plaintiff challenges the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for a period of disability and disability insurance benefits under Title II of the Social Security Act. Both parties now move for summary judgment. ECF Nos. 9 & 10. For the reasons discussed below, the court grants plaintiff's motion and denies the Commissioner's motion.[1]

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards have been applied. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a

[1] Both parties have consented to magistrate judge jurisdiction. ECF No. 7.

preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 703 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

On July 25, 2022, plaintiff filed an application for a period of disability and disability insurance benefits, alleging disability beginning on May 31, 2021. Administrative Record ("AR") 17. After her application was denied both initially and upon reconsideration, plaintiff testified at a hearing before the ALJ. *Id*. On September 18, 2024, the ALJ issued a decision finding that plaintiff was not disabled. AR 17-30. Specifically, the ALJ found:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2025.

2. The claimant has not engaged in substantial gainful activity since

May 31, 2021, the alleged onset date.

* * *

3. The claimant has the following severe impairments: congestive heart failure; respiratory disorder; valvular heart disease; tachycardia; reactive airway disease.

* * *

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

* * *

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can stand two hours per workday, walk two hours per workday, occasionally climb ramps and stairs, never climb ladders, ropes and scaffolds, and can occasionally balance, stoop, kneel, crouch and crawl.

* * *

6. The claimant is unable to perform any past relevant work.

* * *

7. The claimant was born [in 1983] and was 37 years old, which is defined as a younger individual age 18-49, on the date the application was filed.

8. The claimant has at least a high school education.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is “not disabled,” whether or not the claimant has transferable job skills.

10. Considering the claimant’s age, education, work experience, and residual functional capacity, sedentary, unskilled jobs exist in significant numbers in the national economy that the claimant can perform

* * *

> 11. The claimant has not been under a disability, as defined in the Social Security Act, from May 31, 2021, through the date of this decision.

AR 20-30 (citations to the code of regulations omitted).

Plaintiff requested review by the Appeals Council, which denied the request. AR 1-6. She now seeks judicial review under 42 U.S.C. § 405(g).

**Analysis**

Plaintiff argues that the ALJ erred because he (1) did not properly analyze her subjective symptom testimony about frequent urination and (2) failed to consider non-medical evidence corroborating her testimony. ECF No. 9 at 8-9. The court considers these issues in turn.

In the Ninth Circuit, courts follow a "two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "'First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id*. (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)). If the claimant meets this requirement, and there is no evidence of malingering, the ALJ can reject his symptom testimony only by offering specific, clear, and convincing reasons for doing so. *Id.* "This is not an easy requirement to meet: the clear and convincing standard is the most demanding required in Social Security cases." *Id.* The ALJ's reasons must also be supported by substantial evidence in the record. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

At the hearing, plaintiff testified that she has congestive heart failure ("CHF"). AR 50. She takes a medication to manage fluid retention associated with CHF. *Id*. A side effect of her medication is that she experiences frequent urination. *Id*. Plaintiff testified that "after about an hour taking it, it kicks in, and I am in the restroom at least every 10-15 minutes just getting all the fluid out that I retain." *Id*. The vocational expert testified that an individual would not be able to perform a job if they have a "need for excessive bathroom breaks in the range of three to five minutes, one to two times per hour." AR 58-59.

In his order, the ALJ acknowledged that plaintiff "reported medication side-effects that included . . . excessive urination," and that plaintiff "reported that she uses the restroom every ten to fifteen minutes[.]" AR 22-23. The ALJ proceeded to provide a summary of the medical evidence of record, running from May 2021 to July 2024. AR 23-26. The ALJ's lengthy summary of the medical records is followed by this finding without any citation to the record: "the need for excessive restroom breaks is not sufficiently documented by the record." AR 28.

The ALJ did not provide any specific reasons for rejecting plaintiff's symptom testimony.[2] The Court of Appeals has held that "providing a summary of medical evidence in support of a residual functional capacity finding is not the same as providing clear and convincing *reasons* for finding the claimant's symptom testimony not credible." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (emphasis in original). In *Lambert*, the ALJ found that "the claimant's statements concerning the intensity, persistence and limiting effects of her symptoms are not entirely consistent with the objective medical and other evidence for the reasons explained in this decision." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (alteration omitted). The Court of Appeals found that the ALJ erred, holding that "this boilerplate statement by way of introductory remark, which is routinely included in ALJ decisions denying benefits, did not identify what parts of the claimant's testimony were not credible and why." *Id.* (cleaned up).

Consequently, the ALJ erred in rejecting plaintiff's symptom testimony about her frequent urination without providing any specific reason for doing so.[3] *See Brown-Hunter*, 806 F.3d at 494 ("We cannot review whether the ALJ provided specific, clear, and convincing reasons for rejecting [the claimant's] pain testimony where, as here, the ALJ never identified *which* testimony

---

[2] The Commissioner argues that the ALJ relied on medical records, but the cited records did not address plaintiff's excessive urination. *See* ECF No. 10 at 6 (citing AR 428-30, 2299, 2587, 2991). Indeed, the ALJ acknowledged that these cited records "document episodes of [shortness of breath] and fluid retention with CHF and reduced [ejection fraction] that require medical treatment." *See* AR 27.

[3] The Commissioner argues that certain medical records and plaintiff's daily activities are inconsistent with her testimony about her frequent urination. ECF No. at 6. However, the ALJ did not cite these records or plaintiff's daily activities in rejecting such testimony. *See* AR 28.

she found not credible, and never explained *which* evidence contradicted that testimony.") (emphasis in original).

While this error is dispositive of the instant motions, the court also addresses plaintiff's primary argument—that the ALJ erred by failing to consider non-medical evidence corroborating her symptom testimony. *See* ECF No. 9 at 8-9. In considering non-medical evidence, the ALJ "will consider any personal observations of the individual in terms of how consistent those observations are with the individual's statements about his or her symptoms as well as with all of the evidence in the file." Social Security Ruling (SSR) 16-3P (Titles II and XVI: Evaluation of Symptoms in Disability Claims).[4] "[L]ay witness testimony as to a claimant's symptoms or how an impairment affects ability to work *is* competent evidence, and therefore *cannot* be disregarded without comment." *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (citations omitted; emphasis in original). The ALJ cannot disregard such evidence without providing reasons germane to the witness. *See Stout*, 454 F.3d at 1053.

The ALJ is not required to discuss every witness's testimony on an individualized, witness-by-witness basis, and where the ALJ provides germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness. *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012). However, the Court of Appeals has held that "where the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout*, 454 F.3d at 1056.

In October 2022, plaintiff met with a vocational consultant, John Cash, via Zoom. AR 352. The meeting started at 9:00 a.m. and concluded at 2:42 p.m. AR 352-54. Mr. Cash documented that plaintiff took seven bathroom breaks during this meeting that lasted fewer than

---

[4] "Although Social Security Rulings do not have the same force and effect as the statute or regulations, they are binding on all components of the Social Security Administration, . . . and are to be relied upon as precedents in adjudicating cases." *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) (internal citation omitted).

six hours. *See id*. Mr. Cash's vocational opinion was marked as exhibit 9E, *see* AR 350, and was in the record before the ALJ, *see* AR 34. Nonetheless, the ALJ did not reference this exhibit anywhere in his order, including in considering plaintiff's disability regarding frequent urination. *See* AR 17-30. The court cannot "confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *See Stout*, 454 F.3d at 1056. As such, the ALJ committed error that was not harmless in failing to consider Mr. Cash's observation about plaintiff's frequent urination. *See id*.

Accordingly, the matter is remanded for further proceedings. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted); *Treichler v. Comm'r, Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 9, is GRANTED.
2. The Commissioner's motion for summary judgment, ECF No. 10, is DENIED.
3. The matter is remanded for further proceedings consistent with this order.
4. The Clerk of Court is directed to enter judgment in plaintiff's favor and close this case.

IT IS SO ORDERED.

Dated: August 10, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE